Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
GABROY | MESSER
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff Delores Chapman*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DELORES CHAPMAN, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS ACES d/b/a and a/k/a LAS VEGAS BASKETBALL L.P.; MVP EVENT PRODUCTIONS LLC d/b/a and a/k/a MVP EVENT STAFFING; MANDALAY BAY, LLC; ARAMARK SPORTS AND ENTERTAINMENT GROUP, LLC; ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC; ARAMARK SPORTS, LLC; ARAMARK SERVICES, INC.; GREG FIELDING; DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-00278-APG-VCF<br><br>**FIRST AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br>1) Failure to Pay Minimum Wages in Violation of the Nevada Constitution; NRS 608.250<br>2) Failure to Pay Overtime in Violation of NRS 608.018 and 608.140;<br>3) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.020-050 and 608.140;<br>4) Violation of the FLSA – Wages, 29 U.S.C. § 203;<br>5) Injunctive Relief;<br>6) Unjust Enrichment, and,<br>7) Conversion<br><br>**LIEN REQUESTED PURSUANT TO NRS 608.050**<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Delores Chapman on behalf of herself and all others similarly situated and alleges the following:

All allegations in this First Amended Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in the First Amended Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further

investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $15,000 and a party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and Nevada Revised Statute ("NRS") Chapter 608. *See Neville v. Eighth Judicial Dist. Court in & for Cty. of Clark*, 406 P.3d 499 (Nev. 2017).

2. This Court has jurisdiction over actions arising under the Constitution, laws, or treaties of the United States, including, without limitation, the FLSA, 29 U.S.C. §§201, *et seq.*, as well as implementing regulations of the United States Department of Labor.

3. This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b) which provides that an action based on these provisions "may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

4. Venue is proper in this Court because Plaintiff resides in Clark County, worked for Defendants in Clark County where the acts complained of occurred, and Defendants regularly conducts business in Clark County.

5. Plaintiff and members of her class herein demand a jury trial on all issues triable by jury.

6. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

## PARTIES

7. Plaintiff Delores Chapman ("Plaintiff") is a resident of the State of Nevada and was employed by Defendants as a non-exempt hourly employee from in or about August of 2022 to in or about September of 2022.

8. Plaintiff is a proud Las Vegan and a grandmother who works hard to

1  support her family.

2  9. Defendant MVP Event Productions LLC d/b/a and a/k/a MVP Event Staffing ("Defendant MVP") is a foreign limited-liability company not registered with the Nevada Secretary of State.

10. Defendant MVP represents to the general public that it "is the nation's premier provider of food and beverage staff for large-scale events. With over a decade of experience, we have the savvy and expertise to handle any challenge." *See* below screenshot of Defendant MVP's website, available at <https://mvpeventstaffing.com/>.



11. Defendant MVP was Plaintiff's employer within the meaning of the Fair Labor Standards Act.

12. Defendant Las Vegas Aces d/b/a and a/k/a Las Vegas Basketball L.P. ("Defendant Aces") is a foreign limited partnership registered with the Nevada Secretary of State.

13. Defendant Mandalay Bay, LLC is a domestic limited-liability company registered with the Nevada Secretary of State.

14. Defendant Mandalay Bay, LLC was Plaintiff's employer.

15. Defendant Aramark Sports and Entertainment Group, LLC is a foreign

limited-liability company registered with the Nevada Secretary of State.

16. Defendant Aramark Sports and Entertainment Group, LLC was Plaintiff's employer.

17. Defendant Aramark Sports and Entertainment Services, LLC is a foreign limited-liability company registered with the Nevada Secretary of State.

18. Defendant Aramark Sports and Entertainment Services, LLC was Plaintiff's employer.

19. Defendant Aramark Sports, LLC is a foreign limited-liability company registered with the Nevada Secretary of State.

20. Defendant Aramark Sports, LLC was Plaintiff's employer.

21. Defendant Aramark Services, Inc. is a foreign corporation registered with the Nevada Secretary of State.

22. Defendant Aramark Services, Inc. was Plaintiff's employer.

23. Defendant Greg Fielding is an individual and was Plaintiff's employer within the meaning of the Fair Labor Standards Act.

24. Defendants were doing business in this Judicial District in Clark County, Nevada where the subject incidences occurred.

25. At all times relevant, Defendants were Plaintiff's employers as such term is defined in the FLSA 29 U.S.C. §203 *et seq.* and N.R.S. Chapter 608 *et seq.* in that they each had custody or control over the Plaintiff, her employment, had responsibility for Plaintiff's labor and employment matters while Plaintiff was employed by them at the time Plaintiff's wages were lawfully due.

26. At all relevant times, each Defendant was an agent, employee, joint-venturer, shareholder, director, member, co-conspirator, alter ego, master, or partner of each of the other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, or its agency, joint venture, partnership, employment, common enterprise, or actual or apparent authority in concert with each other and the other Defendants.

27. At all relevant times, the acts and omissions of Defendants concurred and contributed to the various acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein. At all relevant times herein, Defendants approved of, condoned and/or otherwise ratified each and every one of the acts or omissions complained of herein. At all relevant times herein, Defendants aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages as herein alleged.

28. The Defendants named herein are the employers of the Plaintiff and all Class Members alleged herein. The Defendants are employers engaged in commerce under the provisions of NRS 608.011. The identity of DOES 1-50 is unknown at the time and the First Amended Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

## FACTUAL ALLEGATIONS

### The Named-Plaintiff

29. Plaintiff was employed by Defendants as a non-exempt hourly employee from in or about August of 2022 to in or about September of 2022.

30. Plaintiff worked events which included a concert where Defendants entertained thousands of concertgoers.

31. Plaintiff had been classified as an hourly non-exempt employee of Defendant with an hourly rate of pay of approximately $17.00.

32. Plaintiff was regularly scheduled for and regularly worked at least 8 hours per workday.

33. Defendant maintains an unlawful payment practice of not paying Plaintiff and all other similarly situated employees the applicable minimum wage rate.

34. For instance, on the pay period beginning August 27, 2022, Plaintiff worked multiple shifts for Defendants.

35. However, despite Plaintiff working these scheduled shifts, Defendant wholly failed to pay Plaintiff any of her earned wages.

36. Tips are not included in the calculation of an employee's total gross taxable income. *See MDC Restaurants, LLC et al v. The Eighth Judicial Dist. Court*, 132 Nev. Op. 76 (Oct. 27, 2016).

37. The policies and practices of Defendants at all relevant times have been substantially similar, if not identical, for all employees at all Defendants' locations.

38. Defendant is legally required to maintain all itemized pay statements that will demonstrate the amount of waged earned by Plaintiff and all putative class member and the resulting amount of wages underpaid to Plaintiff and all members of the putative class during the entire period of time at issue in this case.

39. Similarly, Defendants maintain an unlawful policy of not paying overtime to non-exempt hourly employees.

40. Upon information and belief, Defendants maintain a policy and practice of refusing to pay overtime wages to employees who earned overtime wages.

41. Having received no wages for the hours that she worked, Plaintiff attempted to contact Defendant MVP. *See* below screenshot of Defendant MVP's website which directs employees to not ask "clients" about wage issues as "they do not have the answers." <https://mvpeventstaffing.com/contact>

**Payroll Department**

If you have questions about getting paid from an event, a specific paycheck, or any other payroll questions, please submit this form. This is the QUICKEST way to get your issue resolved.
Please DO NOT reach out to OnPay, Peoplease or any Clients regarding pay. They do not have the answers to your questions. For assistance please fill out the attached Payroll Help form and a member of the MVP team will get back to you as soon as possible.

42. However, Plaintiff's attempts to collect her wages from Defendant MVP were denied.

43. Specifically, Plaintiff was told that Defendant MVP's payroll servicer was no longer affiliated with Defendant MVP.

44. To date, Plaintiff has still not been paid her due wages.

### Collective Allegations

45. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

46. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b).

47. Individuals similarly situated to Plaintiff include all employees working for Defendants at any time during the three years preceding the filing of the Complaint, who were not paid their minimum or overtime wages earned per the Fair Labor Standards Act.

48. Defendants' policies and practices of not paying their minimum or overtime wages earned was the customary and usual policy and practice of Defendants and applied to all putative collective class members who are or were employed by Defendants.

49. These similarly situated individuals which pursuant to Plaintiff's information and belief collectively number over 500, are so numerous that individual joinder is impractical.

50. The identities of all putative collective class members are within the knowledge of, and can be ascertained by reference to, Defendants' records.

51. Each and every other similarly situated individual employed by Defendants has suffered the same wrongdoing, and the factual and legal basis for the claims of Plaintiff and similarly situated employees are similar such that their claims should be heard in one action.

52. As provided by the Fair Labor Standards Act Section 16(b), Plaintiff brings her claims as a collective action and will seek an order providing that Notice be sent to all putative members of the collective class providing them with notice of the pendency regarding this action and an opportunity to submit a consent to join other similarly situated employees in pursuing the relief sought by this First Amended Complaint.

### Class Allegations

53. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

54. Plaintiff brings this action on behalf of herself and all others similarly situated employees as a class action under Rule 23 of the Nevada Rules of Civil Procedure.

55. The **Classes** are defined as follows:

   A. **Minimum Wage Class**: "All hourly paid non-exempt persons employed by Defendant who were paid less than the applicable minimum wage per non-overtime hour worked in the state of Nevada within 2 years from the filing of this complaint until judgment."

   B. **Overtime Class**: "All hourly paid non-exempt persons employed by Defendant who were paid less than 1 ½ times the applicable minimum wage per overtime hour worked in the state of Nevada within 3 years from the filing of this complaint until judgment."

   C. **Waiting Time Wages Class:** "All members of the Minimum Wage and/or Overtime Classes who are former employees."

56. Class treatment is appropriate under Rule 23's class certification mechanism because:

   A. <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendant employs, and has employed, in excess of 40 Minimum Wage, Overtime, and Waiting Time Wages Class Members within the applicable time period. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of these Classes as well as their numerosity.

   B. <u>Plaintiff's Claims is Typical to Those of Fellow Class Members</u>:

Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff: (1) Whether Defendant can meet its burden of demonstrating that Plaintiff and Minimum Wage Class Members were only entitled to receive less than the higher-tier minimum wage rate; (2) Whether Defendant can meet its burden of demonstrating that Plaintiff and Overtime Class Members were paid the appropriate overtime wage rate for all overtime hours worked; (3) Whether Plaintiff and members of the Waiting Time Wages Class are entitled to waiting time wages for the failure to pay them minimum, regular, and overtime wages owed.

   C. <u>Common Questions of Law and Fact Exist</u>:  Common questions of and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: Whether Defendant failed to pay the class members all their wages due and owing in violation of NRS 608.020-050.

   D. <u>Plaintiff is Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff is a member of all the Classes, she has issues of law and fact in common with all members of the Classes, and her interests are not antagonistic to Class members. Plaintiff and her counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

   E. <u>Predominance/Superior Mechanism</u>: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law. The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

**FIRST CAUSE OF ACTION**
**Failure to Pay Minimum Wages in Violation of the Nevada Constitution**
**(Against all Defendants)**

57. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

58. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada ("MWA"). The MWA sets forth a two-tiered minimum wage, which were set at $9.50 and $10.50 following July 1, 2022.

59. As alleged herein, Defendants did not pay Plaintiff and all other members of the class their earned minimum wages.

60. By not paying Plaintiff and members of the class the applicable higher-tier minimum wage rate, Defendant has failed to compensate Plaintiff and members of the Class at the minimum wage rate for all the hours that they worked pursuant to the Nevada Constitution.

61. Wherefore, Plaintiff demands for herself and for all other Class Members that Defendant pay Plaintiff and class members their unpaid minimum wages for all hours worked during the relevant time period alleged herein together with attorneys' fees, costs, interest, and punitive damages, as provided by law.

**SECOND CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of NRS 608.018 and 608.140**
**(Against all Defendants)**

62. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

63. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

64. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours

per day for 4 calendar days within any scheduled week of work.

65. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

66. As alleged herein, Defendant maintains a policy and/or practice of illegal shift jamming (i.e., refusing to pay daily overtime when Plaintiff and members of the Nevada Overtime Class worked over 8 hours in a workday). As a result, Plaintiff and Nevada Overtime Class Members have been denied overtime compensation according to Nevada law.

67. Wherefore, Plaintiff demands for herself and all Nevada Overtime Class Members that Defendant pays Plaintiff and Nevada Overtime Class Members one and one-half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION
**Waiting Time Wages Pursuant to NRS 608.020-.050 and 608.140**
**(Against all Defendants)**

68. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

69. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

70. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

71. NRS 608.040(1) (a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or

compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

72. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

73. By failing to pay Plaintiff and the Waiting Time Wages Class Members their legally mandated minimum and overtime wages, Defendant has failed to timely remit all wages due and owing to Plaintiff and the Waiting Time Wages Class Members.

74. Defendant willfully refuses and continues to refuse to pay Plaintiff and Waiting Time Wages Class Members all the wages that were due and owing upon the termination of their employment.

75. Wherefore, Plaintiff and the Waiting Time Wages Class Members demand thirty (30) days of pay as waiting wages under NRS 608.040 and 608.140, and thirty (30) days of pay as waiting wages under NRS 608.050 and 608.140, together with attorneys' fees, costs, and interest, as provided by law.

**FOURTH CAUSE OF ACTION**
**Violation of the FLSA – Wages, 29 U.S.C. § 203**
**(Against all Defendants)**

76. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

77. Plaintiff has consented in writing to become a party plaintiff in this lawsuit.

78. Plaintiff's written consent thereto is attached as Exhibit I to this First Amended Complaint and incorporated herein by this reference.

79. At all times relevant to this action, Defendants were Plaintiff's and other similarly situated employees' employer within the meaning of the Fair Labor Standards Act.

80. Defendant MVP regularly engaged in interstate commerce and has annual revenues exceeding $500,000.00 per annum.

81. Throughout the three years preceding the filing of Plaintiff's Complaint, Defendants failed to pay Plaintiff and other similarly situated employees all earned minimum and overtime wages.

82. Defendants violated the FLSA to which protections and benefits Plaintiff and those similarly situated were and are entitled.

83. Defendants violated and continues to violate the provisions of 29 U.S.C. §203(m), *et seq.*

84. Plaintiff and other similarly situated employees have been damaged by Defendants' conduct in an amount representing the difference between the employees earned minimum and overtime wages, and those similarly situated and the amount of the earned minimum and overtime wages in an amount according to proof at trial.

85. Plaintiff and other similarly situated employees are also entitled to liquidated damages equal to the amount of minimum and overtime wages unlawfully withheld by Defendants, together with their reasonable attorneys' fees and costs of suit, pursuant to 29 U.S.C. §216(b).

86. Defendants engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiff and other similarly situated employees by taking advantage of their need for continued employment to force their acquiescence such unlawful policy.

87. Defendants' aforesaid conduct was malicious, oppressive, and undertaken in reckless disregard of the rights of Plaintiff and other similarly situated employees under the Fair Labor Standards Act. Therefore, Plaintiff and other similarly situated employees are entitled to an award of punitive damages in an amount according to proof at trial.

**FIFTH CAUSE OF ACTION**
**Injunctive/Declaratory Relief**
**(Against all Defendants)**

88. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

89. As Defendant has paid Plaintiff and all other members of classes less than the minimum wage rate, Defendant has wrongfully withheld wages properly-owed to the Plaintiff and the class members.

90. As Defendant has likewise failed to compensate Plaintiff and members of the Overtime Class at the correct overtime wage rate for all the overtime hours that they worked pursuant to NRS 608.018, Defendants have wrongfully withheld wages properly-owed to the Plaintiff and the Overtime Class Members.

91. Plaintiff and the classes will suffer irreparable injury if Defendant is not enjoined from the future wrongful retention of wages owed.

92. As a result of the aforementioned unlawful payment practices, Plaintiff submits that there has been a likelihood of success on the merits that Plaintiff and the class members have been damaged and that there is irreparable harm.

93. Plaintiff requests that this Honorable Court enter an Order that restrains Defendants from attempting to enforce the alleged unlawful payment practices.

94. Plaintiff requests that this Honorable Court enter a declaration of rights/obligations in regards to all such unlawful payment practices in this matter.

95. Further, disputes and controversies have arisen between the parties relative to the lawfulness of the payment practices, and Plaintiff is entitled to have an order entered pursuant to Chapter 30 of the Nevada Revised Statutes construing the payment practices and adjudging and declaring Plaintiff and the class members' rights and remedies thereunder including such an Order stating that such payment practices are unlawful.

96. Plaintiff has been required to retain the services of an attorney and is entitled to a reasonable award of attorneys' fees and costs.

**SIXTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(Against all Defendants)**

97. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

98. Plaintiff and the members of the NRCP 23 class conferred a benefit upon Defendants, and gave the benefit with Defendants' knowledge, by giving service to Defendants' customers, causing those customers to leave tips for Plaintiff and the members of the NRCP 23 Class.

99. Plaintiff and the putative members of the NRCP 23 class conferred a benefit upon Defendants, and gave the benefit with Defendants' knowledge, by creating repeat business and good will for Defendants.

100. As a direct and proximate result of Defendants' unjust retention of the aforesaid tips, Plaintiff and the putative members of their NRCP 23 Class suffered damage in an amount equating to the amounts unlawfully taken from Plaintiff and the Class and according to proof at trial.

**SEVENTH CLAIM FOR RELIEF**
**Conversion**
**(Against all Defendants)**

101. Plaintiff realleges and incorporates by this reference all the paragraphs above in this First Amended Complaint as though fully set forth herein.

102. Defendants' conduct set forth, *supra*, whereby they misappropriated the wages already earned by Plaintiff and/or failed to pay the appropriate wages, constituted a conversion of the property, the earned wages, of Plaintiff, to the extent of such failure to pay such lawfully earned wages.

103. Defendants' conduct in misappropriating the wages earned by Plaintiff that give rise to her claim for conversion were in violation of Plaintiff's rights to her property.

104. As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

105. As a result of Defendants' conduct, as set forth herein, Plaintiff has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

106. Defendants have acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendants' wrongful conduct, Plaintiff is entitled to an award of exemplary or punitive damages.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff, by herself and on behalf of Class Members, prays for relief as follows relating to her class action allegations:

1. For an order certifying this action as a class action on behalf the proposed Classes and providing notice to all Class Members so they may participate in this lawsuit;

2. For an order appointing Plaintiff as the Representative of the Classes and her counsel as Class Counsel;

3. For damages according to proof for minimum rate pay under the Nevada Constitution for all hours worked;

4. For damages according to proof for overtime compensation under NRS 608.018 and 608.140 for all hours worked over 8 hours per day and/or over 40 hours in a workweek;

5. For waiting time wages pursuant to NRS 608.040-.050 and 608.140;

6. For liquidated damages in a sum equal to compensatory damages, pursuant to 29 U.S.C. §216(b);

7. For an order certifying this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b);

8. For a lien on the property where Plaintiff and all Nevada Class Members labored pursuant to NRS 608.050;

9. For injunctive relief;

10. For declaratory relief;

11. For interest as provided by law at the maximum legal rate;

12. For punitive damages;

13. For reasonable attorneys' fees authorized by statute;

14. For costs of suit incurred herein;

15. For pre-judgment and post-judgment interest, as provided by law; and,

16. For such other and further relief as the Court may deem just and proper.

DATED: July 19, 2023.

GABROY | MESSER

By: */s/ Christian Gabroy*
Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, NV 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to FRCP, I hereby certify that on this 19th day of July 2023 the following parties have been served by electronic means with this **FIRST AMENDED CLASS ACTION COMPLAINT**:

*All parties registered through the Court's CM/ECF system.*

GABROY | MESSER

By: */s/ Christian Gabroy*
Christian Gabroy
(#8805)
Kaine Messer
(#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel: (702) 259-7777
Fax: (702) 259-7704
*Attorneys for Plaintiff*