UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DELORES CHAPMAN,<br><br>   Plaintiff<br><br>v.<br><br>LAS VEGAS BASKETBALL L.P., et al.,<br><br>   Defendants | Case No.: 2:23-cv-00278-APG-MDC<br><br>**Order Granting Mandalay Bay and the Aramark Defendants' Motion to Dismiss**<br><br>[ECF No. 48] |

Delores Chapman alleges that she worked as an events employee for defendants (1) Aramark Sports and Entertainment Group, LLC; (2) Aramark Sports and Entertainment Services, (3) Aramark Sports, LLC, (4) Aramark Services, Inc. LLC; (5) MVP Event Productions, LLC (collectively the Aramark defendants); (6) Mandalay Bay, LLC; (7) Greg Fielding; and (8) the Las Vegas Aces.[1] She sues the defendants for wage and hour violations under state and federal statutory and state constitutional provisions. She also sues the defendants for unjust enrichment and conversion. She requests damages and declaratory and injunctive relief. She brings all claims on behalf of herself and a putative class of similarly situated individuals.

Mandalay Bay and the Aramark defendants move to dismiss Chapman's claims against them, arguing that Chapman has not plausibly alleged that they were her employers, which is a threshold requirement for wage and hour claims. They also move to dismiss Chapman's common law claims as precluded and for failure to state a claim. And they argue that Chapman does not have standing to seek injunctive and declaratory relief because she does not allege that

---

[1] Chapman does not specifically allege that the Las Vegas Aces were her employer as she does for the other defendants. However, because she does not make any specific allegations related to the Aces, I assume it is included in her general allegations against her employers.

she still works for the defendants. Finally, they move to dismiss Chapman's class allegations for not plausibly alleging commonality among the class members' claims. Chapman responds that she has plausibly alleged that the defendants were her employers, that that she may properly seek waiting time wages from the defendants because she no longer works for them, that her unjust enrichment and conversion claims are not preempted, and that she has plausibly alleged her class allegations.

I grant Mandalay Bay and the Aramark defendants' motion to dismiss because Chapman has not plausibly alleged that Mandalay Bay and the Aramark defendants were her employers, she fails to state a plausible unjust enrichment or conversion claim, and she lacks standing to seek prospective relief. However, I grant Chapman leave to amend.

## I.   Background

Chapman was employed as an events worker from August to September 2022. ECF No. 22 at 5. She alleges that, as an events worker, she was employed by MVP, Mandalay Bay, the Aramark defendants, and Greg Fielding, and paid $17.00 an hour. ECF No. 3-5. She was regularly scheduled for shifts where she worked at least eight hours. *Id.* at 5. Chapman alleges that in the pay period beginning August 27, 2022, she worked multiple shifts but was never paid. *Id.* at 6. When she did not receive her wages for that pay period, she tried to contact MVP, but was unsuccessful as she "was told that Defendant MVP's payroll servicer was no longer affiliated with Defendant MVP." *Id.* at 6-7. Chapman also generally alleges that "[d]efendant maintains an unlawful payment practice of not paying [Chapman] and all other similarly situated employees the applicable minimum wage rate" or overtime wages they have earned. *Id.* at 5-6.

Chapman brings a putative class and collective action against all defendants for (1) failure to pay the minimum wage in violation of the Minimum Wage Amendment (MWA) of

the Nevada Constitution and the Fair Labor Standards Act (FLSA); (2) failure to pay overtime wages in violation of the FLSA and Nevada Revised Statutes (NRS) §§ 608.018 and 608.140 and the FLSA; (3) failure to pay waiting time wages under NRS §§ 608.020-.050 and 608.140; (4) injunctive and declaratory relief; (5) unjust enrichment; and (6) conversion.  Mandalay Bay and the Aramark defendants move to dismiss Chapman's claims against them.

## II. Analysis

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe them in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).

To defeat a motion to dismiss, a plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.  Instead, the complaint must include "a short and plain statement of the claim" that shows the plaintiff "is entitled to relief" and gives the defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* at 555 (simplified).

### A. Employment Relationship

Mandalay Bay and the Aramark defendants argue that Chapman has not plausibly alleged that they were her employers, which is a necessary precursor to the alleged wage and hour violations.  Mandalay Bay and the Aramark defendants contend that the amended complaint groups all the defendants together but does not make any specific allegations about Mandalay

Bay and the Aramark defendants beyond stating that they were Chapman's employers. They also argue that Chapman has failed to plausibly allege that Mandalay Bay and the Aramark defendants were her joint employers, along with the other defendants, because she has not pleaded any facts explaining how the defendants were related, nor how her allegations are attributable to each defendant. Finally, Mandalay Bay and the Aramark defendants argue that Chapman does not explain what they did to violate these wage and hour provisions, so she has not put them on notice of her claims.

The MWA, the FLSA, and the Nevada statutes governing minimum, overtime, and waiting wages protect employees in an employer-employee relationship.[2] To determine whether an employer-employee relationship exists for purposes of these statutes, I apply the economic reality test.[3] *See Boucher v. Shaw*, 572 F.3d 1087, 1090-91 (9th Cir. 2009) (applying the economic reality test in the FLSA context); *Doe Dancer I v. La Fuente, Inc.*, 481 P.3d 860, 867 (Nev. 2021) (en banc) (applying the economic reality test in the context of the MWA); *Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951, 958 (Nev. 2014) (en banc) (adopting the economic reality test for Nevada's minimum wage laws). The economic reality test examines "the

---

[2] *See* Nev. Const. art. XV § 16 (setting minimum requirements for the hourly wages an employer must pay its employees); 29 U.S.C. §§ 203-207 (setting minimum requirements for the hourly wages an employer must pay its employees and setting parameters for overtime pay); NRS § 608.018 (describing overtime pay employers owe employees); NRS § 608.020-.050 (setting forth waiting time wages employers owe employees and penalties for nonpayment or delayed payment).

[3] The FLSA defines employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d). It defines employee as "any individual employed by an employer" subject to various exceptions. *Id.* at § 203(e). The MWA defines employer as "any individual, proprietorship, partnership, joint venture, corporation, limited liability company, trust, association, or other entity that may employ individuals or enter into contracts of employment" and employee as "any person who is employed by an employer" subject to various exceptions. Nev. Const. art. XV, § 16.

4

circumstances of the whole activity" between an alleged employer and employee with the touchstone of the test being "the economic reality of the relationship." *Boucher*, 572 F.3d at 1091 (quotations omitted). It looks at the totality of the circumstances to determine whether an employment relationship exists. *Doe Dancer I*, 481 P.3d at 868. Courts evaluate a range of factors including:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; and 6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* (quotation omitted). Where a plaintiff seeks to hold multiple entities liable as her employers, she must allege facts that show that she is plausibly "entitled to relief from each Defendant as an employer or joint employer." *Leber v. Berkley Vacation Resorts, Inc.*, 2:08-cv-01752-PMP-PAL, 2009 WL 2252517, at *6 (D. Nev. July 27, 2009) (collecting cases).

Chapman has not alleged sufficient facts to make it plausible that Mandalay Bay and the Aramark defendants each were her employers, and she does not allege that the defendants were her joint employers. Chapman includes only conclusory allegations that Mandalay Bay and the Aramark defendants employed her, with no factual allegations to support these conclusions. She recites a variety of factors from the economic reality test, stating that the defendants had custody and control over Chapman and were responsible for her labor and employment matters. But these bare recitations and conclusions, with no facts alleged in support, do not plausibly allege that Mandalay Bay and the Aramark defendants were Chapman's employers. Nor does she allege any facts explaining the relationship between the defendants, or how all the defendants employed her at the same time, further undermining her conclusory statements. Based on

Chapman's bare assertions, even viewing the facts in the light most favorable to her, she has not plausibly alleged that Mandalay Bay and the Aramark defendants were her employers. Thus, she has not plausibly alleged her state and federal wage and hour claims against them, so I dismiss these claims. I grant her leave to amend to the extent she can plausibly allege that Mandalay Bay and the Aramark defendants were her employers within the meaning of the MWA, FLSA, and Nevada wage and hour statutes.

### B. Overtime Wages

Because I am giving Chapman leave to amend, I address the remainder of the motion to dismiss to determine if amendment would be futile for other reasons. Mandalay Bay and the Aramark defendants move to dismiss Chapman's overtime wage claims because she does not allege that she ever worked over 40 hours in a given week or over eight hours in a given day. While "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim, . . . conclusory allegations that merely recite the statutory language" are inadequate because they do not meet a plaintiff's pleading burden. *Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 644 (9th Cir. 2014), *as amended* (Jan. 26, 2015). "[T]o survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644-45.

Chapman does not allege that she ever worked over eight hours in a given day or over forty hours in a given week. Thus, I dismiss this claim but grant Chapman leave to amend to the extent that she can plausibly allege that she worked overtime at least once while she was working for Mandalay Bay and the Aramark defendants.

/ / / /

### C. Waiting Time Wages

Mandalay Bay and the Aramark defendants move to dismiss Chapman's waiting time wages claim because she did not allege any facts regarding her termination and resignation. Furthermore, they argue that Chapman did not properly make a written demand for her unpaid Nevada wages at least five days before she sued them, so she cannot collect attorney's fees on this claim. Chapman responds that she may properly seek waiting time wages because she alleged that her employment with Mandalay Bay and the Aramark defendants ended in September 2022, and she "made written demand for her wages prior to the filing of suit" so attorney's fees are still available to her. ECF No. 62 at 8. She argues that because she took pre-suit efforts to collect her unpaid wages from another defendant, under the joint employer theory Mandalay Bay and the Aramark defendants were also on notice.

To claim waiting time penalties under NRS § 608.040, "[t]he worker must have resigned, quit, or been discharged; the employer must have failed to pay the wages when due, . . . and the worker must be an 'employee' within the meaning of NRS Chapter 608." *Myers v. Reno Cab Co., Inc.*, 492 P.3d 545, 554 (2021) (en banc). To collect attorney's fees on this claim, Chapman needed to make a demand to the defendants for the unpaid wages, in writing, at least five days before she sued them. NRS § 608.140.

Chapman fails to allege that she resigned, quit, or was discharged by Mandalay Bay and the Aramark defendants. She alleges only that she worked as an event worker for a month for all defendants. I therefore dismiss this claim. Should Chapman choose to amend her waiting time claim against Mandalay Bay or the Aramark defendants, she must also plausibly allege that she resigned, quit, or was discharged from her work to trigger waiting time wages.

7

Regarding attorney's fees for this claim, Chapman does not allege that she notified Mandalay Bay and the Aramark defendants that they owed her waiting time wages in conformity with the statute before she sued. While she argues that her alleged communications with MVP are sufficient to satisfy the statute's notice requirement, she does not allege when that communication happened, nor that it was in writing. Also, Chapman alleges that she contacted "Defendant MVP," not Mandalay Bay and the Aramark defendants, and she does not allege any facts that would plausibly support the conclusion that notice to MVP is notice to Mandalay Bay and the Aramark defendants. ECF No. 22 at 6-7. Chapman argues that Mandalay Bay and the Aramark defendants were on notice through the theory of joint employment, but she does not plausibly allege joint employment in her amended complaint. Thus, I dismiss Chapman's request for attorney's fees without prejudice and with leave to amend to the extent that Chapman can plausibly allege that she gave Mandalay Bay and the Aramark defendants a written demand five days before she sued them.

### D. Injunctive and Declaratory Relief

Chapman requests that I enjoin Mandalay Bay and the Aramark defendants from enforcing their allegedly unlawful payment practices. She also requests that I declare their payment practices unlawful. She brings these requests on behalf of herself and a putative class of similarly situated individuals. Mandalay Bay and the Aramark defendants move to dismiss, arguing that Chapman fails to state a claim for such relief because she construes this as a separate cause of action, which it is not, and she lacks standing because she has not alleged that she still works for Mandalay Bay or the Aramark defendants. Mandalay Bay and the Aramark defendants ask for this claim to be dismissed with prejudice or stricken under Federal Rule of Civil Procedure 12(b). Chapman does not discuss Mandalay Bay and the Aramark defendants'

arguments in her response, so in their reply, Mandalay Bay and the Aramark defendants also argue that Chapman conceded this argument per Local Rule 7-2(d).

Declaratory and injunctive relief are equitable remedies a court may grant, not independent causes of action. *See WMCV Phase 3, LLC v. Shushok & McCoy, Inc.*, 750 F. Supp. 2d 1180, 1197 (D. Nev. 2010). A plaintiff has standing to request injunctive relief if there is a threat of actual and imminent injury. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). "[A] former employee has no claim for injunctive relief addressing the employment practices of a former employer absent a reasonably certain basis for concluding he or she has some personal need for prospective relief." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 865 (9th Cir. 2017) (quotation omitted). Similarly, "a declaratory judgment merely adjudicating past violations of federal law—as opposed to continuing or future violations of federal law—is not an appropriate exercise of federal jurisdiction." *Id.* at 868 (finding that declaratory relief was inappropriate where the plaintiff no longer worked for the defendant and did not intend to return to work there in the future). In a class action, at least one named plaintiff must have standing to sue for injunctive or declaratory relief to sue for this relief on behalf of the class. *See DZ Rsrv. v. Meta Platforms, Inc.*, 96 F.4th 1223, 1239-41 (9th Cir. 2024) (remanding class certification to determine if at least one named plaintiff had standing to seek injunctive relief).

The amended complaint fails to state a claim for declaratory or injunctive relief. Declaratory and injunctive relief are remedies, not independent claims. And because Chapman does not allege that she is currently an employee of the Mandalay Bay or the Aramark defendants, and has not alleged that she intends to return to work for them in the future, she does not have standing to bring a claim for such relief. I therefore dismiss Chapman's request for declaratory and injunctive relief without prejudice and with leave to amend if she can plausibly

allege that she has standing to seek this relief and she pleads it as a request for relief, not as an independent claim.

### E.  Unjust Enrichment

Chapman argues that Mandalay Bay and the Aramark defendants were unjustly enriched because customers gave her tips that Mandalay Bay and Aramark unjustly retained.  Mandalay Bay and the Aramark defendants move to dismiss, arguing Chapman cannot bring a claim for unjust enrichment because she has an adequate remedy at law through the FLSA and Nevada wage statutes.  They also argue that Chapman failed to properly plead this claim because she does not include factual allegations about what benefits the Aramark defendants and Mandalay Bay retained, so, in the alternative, it should be dismissed for failure to state a claim.

Chapman responds that her claim for unjust enrichment is not preempted because the FLSA contains a savings clause that allows Nevada to grant her more generous relief though its own laws than the relief provided to her by the FLSA, namely punitive damages, which she is seeking.

"Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Nev. Indus. Dev., Inc. v. Benedetti*, 741 P.2d 802, 804 n.2 (Nev. 1987).  "Unjust enrichment has three elements: the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." *Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683, 688 (Nev. 2021) (en banc) (quotation omitted).  "Unjust enrichment is an equitable remedy."  *Mitman v. LA 1, LLC*, 539 P.3d 1177 (table) at *7 (Nev. 2023)

"Nevada recognizes that equitable remedies are generally not available where the plaintiff has a full and adequate remedy at law." *Korte Constr. Co. v. State on Rel. of Bd. of Regents of Nev. Sys. of Higher Educ.*, 492 P.3d 540, 541 (Nev. 2021) (en banc). "Claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA." *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000). *See also Chapman v. Fertitta Ent., Inc.*, 2:15-cv-01944-JAD-GWF, 2017 WL 3813906, at *6 (D. Nev. Aug. 31, 2017) (finding that where plaintiff's unjust enrichment claim sought to recover only unpaid overtime wages, the claim was directly covered by the FLSA, and thus preempted by the FLSA). "The FLSA . . . permits an employer to credit an employee's tips against the federal minimum wage, while [Nevada law] prohibits such offsets against state-established minimum wages." *Jane Roe Dancer I-VII v. Golden Coin, Ltd.*, 176 P.3d 271, 274 (Nev. 2008).

I dismiss Chapman's unjust enrichment claim because she does not plausibly allege that she conferred a benefit on Mandalay Bay and the Aramark defendants. She alleges that "Defendants" unjustly retained her tips, but she does not identify which defendant she is referring to or allege any specific facts about Mandalay Bay or the Aramark defendants' actions. ECF No. 22 at 15. Additionally, because she has not plausibly alleged that Mandalay Bay nor the Aramark defendants are her employer, she has not alleged how either one would be in a position to withhold her tips. I dismiss this claim with leave to amend, to the extent that Chapman can plausibly allege that Mandalay Bay and the Aramark defendants unjustly enriched themselves by withholding her tips.

I cannot conduct a preemption analysis at this stage because it is unclear whether Chapman's unjust enrichment claim is based on the same facts as her FLSA claims. She bases her unjust enrichment claim on Mandalay Bay and the Aramark defendants' unjust retention of

her tips, and she bases her FLSA claims on Mandalay Bay and the Aramark defendants' failure to pay her minimum and overtime wages. However, it is not clear from the pleadings whether the tips Mandalay Bay and the Aramark defendants allegedly withheld from Chapman form part of her federally protected minimum wage or not. This distinction will determine whether the relief she is seeking through the FLSA and her unjust enrichment claim are identical, and thus whether her unjust enrichment claim is preempted by the FLSA. *See Cumbie v. Woody Woo, Inc.*, 596 F.3d 577, 580 (9th Cir. 2010) ("The FLSA's definition of 'wage' recognizes that under certain circumstances, employers of 'tipped employees' may include part of such employees' tips as wage payments."). Because Nevada law does not allow tips to be factored into minimum wage, the defendants have not explained how the MWA could provide a fair and adequate remedy at law for Chapman's unjust enrichment claim based on withholding of tips.

Because the defendants have not shown that Chapman's claim is preempted by the MWA, and it may or may not be preempted by the FLSA, I do not dismiss Chapman's unjust enrichment claim on preemption grounds, and amendment is not necessarily futile. Additionally, Chapman can allege this claim in the alternative, as she contends she is doing. *See* Fed. R. Civ. P. 8(d)(2). I therefore grant her leave to amend this claim as it is not clear that amendment would be futile.

### F. Conversion

Chapman alleges that Mandalay Bay and the Aramark defendants converted Chapman's wages by misappropriating them. Mandalay Bay and the Aramark defendants move to dismiss this claim as an equitable one that is preempted by the FLSA and Nevada wage and hour statutes. They also argue Chapman fails to state a claim. Chapman responds that this claim is not preempted because the FLSA savings clause allows for more expansive protections under state

12

law, and she could recover punitive damages under Nevada law, so Nevada provides a more comprehensive remedy.

"Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of, or inconsistent with, title or rights therein or in derogation, exclusion, or defiance of such rights." *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (Nev. 2006). *Id.* Equitable relief may be appropriate to remedy conversion. *See Bemis v. Estate of Bemis*, 967 P.2d 437, 1028 (Nev. 1998).

The amended complaint does not plausibly allege any facts showing how either Mandalay Bay or the Aramark defendants misappropriated or substantially interfered with Chapman's property rights in her wages. Additionally, because Chapman has not plausibly alleged that Mandalay Bay and the Aramark defendants are her employers, she has not plausibly alleged how they could have been in a position to misappropriate her wages.

As the conversion claim is currently pleaded, it appears to be based on the same facts as Chapman's state and federal minimum wage and hour claims, as these claims are all based on the defendants' alleged failure to pay Chapman the wages they owed her. To the extent that the conversion claim seeks the same relief as the state and federal wage and hour claims Chapman brings, it is preempted. *See Korte Constr. Co.*, 492 P.3d at 541; *Williamson*, 208 F.3d at 1154. However, to the extent that Chapman can base this claim on different facts or plead it in the alternative, I grant her leave to amend to reassert it.

### G. Class Allegations

Mandalay Bay and the Aramark argue that Chapman has not alleged sufficient commonality between her claims and the claims of the putative class because she fails to plausibly allege that anyone other than her was subject to the same wage and hour practices and

policies or had similar work experiences.  Chapman responds that she has sufficiently pleaded her class allegations and that allowing her case to proceed to discovery will allow her to collect more information on the individuals in the putative classes.

Because I have dismissed Chapman's claims against Mandalay Bay and the Aramark defendants, I do not need to evaluate the sufficiency of her putative class allegations at this time. However, should Chapman choose to replead her class or collective allegations, her "[c]lass allegations must [be] supported by sufficient factual allegations demonstrating that the class device is appropriate . . . ." *Jue v. Costco Wholesale Corp.*, No. C 10-00033 WHA, 2010 WL 889284, at *6 (N.D. Cal. Mar. 11, 2010).  Because I grant Chapman leave to amend her claims, she also has leave to amend her class and collective allegations to the extent that she can plausibly allege facts to support class and collective actions.

### III.   Conclusion

I THEREFORE ORDER that Mandalay Bay and the Aramark defendants' amended motion to dismiss **(ECF No. 48) is granted.**

I FURTHER ORDER that plaintiff Delores Chapman may file an amended complaint by September 10, 2024.  Failure to file an amended complaint by that date will result in dismissal of defendants Mandalay Bay, LLC; Aramark Sports and Entertainment Group, LLC; Aramark Sports and Entertainment Services, LLC; Aramark Sports, LLC; and Aramark Services, Inc. without prejudice.

DATED this 14th day of August, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE